

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,854-01

### EX PARTE CLAYTON MATTHEW HYKEL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1625613-A IN THE 8TH DISTRICT COURT
### FROM HOPKINS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of burglary of a habitation and sentenced to thirty years' imprisonment. Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because he failed to file motions to suppress illegally obtained evidence and to suppress his coerced confession, to challenge his illegally enhanced punishment, and improperly advised Applicant regarding the time he would be required to serve prior to becoming eligible for parole. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be

developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether the evidence was illegally obtained, whether Applicant's confession was coerced, and whether counsel improperly advised Applicant regarding his parole eligibility. The trial court shall also make findings of fact and conclusions of law as to whether Applicant's guilty plea was voluntary. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: November 18, 2020
Do not publish